```
ANDRÉ BIROTTE JR.
United States Attorney
DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office
IVY A. WANG
Assistant United States Attorney
Cal. State Bar No. 224899
     Ronald Reagan Federal Bldg. & U.S. Dist. Courthouse
     411 West Fourth Street, 8th Floor
     Santa Ana, California 92701
     Telephone: (714) 338-3549
     Facsimile: (714) 338-3561
     Email: ivy.wang@usdoj.gov

Attorneys for Plaintiff
United States of America
```

FILED
2010 OCT 22 PM 2:38
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

SA CR 10-0212

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. _____ |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT KAIZO INDUSTRIES, INC. |
| v. | |
| KAIZO INDUSTRIES, INC., | |
| Defendant. | |

1. This constitutes the plea agreement between defendant KAIZO INDUSTRIES, INC. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

   a) Give up the right to indictment by a grand jury and,



at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the information in the form attached to this agreement as Exhibit A or a substantially similar form.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

### THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing factors contained in this agreement.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense[s]



up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one (violation of Title 42, United States Code, Section 7413(c)(2)(A)), the following must be true: the defendant knowingly failed to file or maintain a notice, application, record, report, plan, or other document that the Clean Air Act required the defendant to file or maintain (whether with respect to requirements imposed by the Administrator of the Environmental Protection Agency or by a State). Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the information.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a corporation's violation of Title 42, United States Code, Section 7413(c)(2)(A) is: a term of probation of not less than one year, but not more than five years; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the



conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to, debarment from government contracts. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

8. Defendant and the USAO agree to the statement of facts provided below. Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 10 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between January 2007 and August 2008, KAIZO INDUSTRIES, INC., ("Kaizo"), was a business that operated in Costa Mesa, California. Daryl R. Alison was the President of Kaizo and is empowered to bind Kaizo. As part of its business, Kaizo imported, assembled, and sold Nissan Skyline vehicles. Kaizo knew that it was required under the Clean Air Act to file with the U.S. Customs and Border Protection ("CBP") an Environmental

4

## *FACTUAL BASIS*

Between January 2007 and August 2008, Kaizo Industries, Inc., ("Kaizo"), was a business that operated in Costa Mesa, California. Daryl R. Alison was the President of Kaizo and is empowered to bind Kaizo. As part of its business, Kaizo imported and sold automotive bodies and vehicle parts. On December 25, 2007, Kaizo imported two (2) disassembled Nissan Skyline with vehicle identification numbers BNR34-400109 and BNR34-001557 (the "Vehicles") into Long Beach, California. Kaizo knew that it was required under the Clean Air Act to file with the U.S. Customs and Border Protection ("CBP") an Environmental Protection Agency ("EPA") Form 3520-1 for each motor vehicle it imported into the United States, unless the following conditions were met: the vehicles were new, imported by the original manufacturer, covered by an EPA certificate of conformity, and bore an EPA emission control label. Kaizo knew that the vehicles were used, not manufactured by Kaizo, not covered by an EPA certificates of conformity, and did not bear EPA emission control labels. Kaizo knowingly failed to file an EPA form 3520-1 with CBP for the importation of the vehicles.

~~As to the Blue car, the vehicle bearing VIN BNR34-400109, the parties agree and stipulate may be returned to GTA for the purpose of exporting the vehicle outside of the United States.~~  DA

_DRA_
10/8/10

_DRA_ _____ (Initials f Daryl Alison, in his capacity as President of Kaizo)

4 (a)



1  ~~Protection Agency ("EPA") Form 3520-1 for each motor vehicle it~~
2  ~~imported into the United States, unless the following conditions~~
3  ~~were met: the vehicle was new, imported by the original~~
4  ~~manufacturer, covered by an EPA certificate of conformity, and~~
5  ~~bore an EPA emission control label. On December 25, 2007, Kaizo~~
6  ~~imported two disassembled Nissan Skylines with vehicle~~
7  ~~identification numbers BNR34-400109 and BNR34-001557 (the~~
8  ~~"Vehicles") into Long Beach, California. Kaizo knew that the~~
9  ~~Vehicles were used, not manufactured by Kaizo, not covered by an~~
10 ~~EPA certificate of conformity, and did not bear EPA emission~~
11 ~~control labels. Kaizo knowingly failed to file an EPA Form~~
12 ~~3520-1 with CBP for the importation of the Vehicles.~~

### SENTENCING FACTORS

9. Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

10. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level :      6    [U.S.S.G. § 2Q1.3(a)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

11. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

12. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   d) The right to confront and cross-examine witnesses against defendant.

   e) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

   f) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.



## WAIVER OF APPEAL OF CONVICTION

13. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## WAIVER OF APPEAL OF SENTENCE

14. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the fine imposed by the court, provided it is within the statutory maximum; (c) the term of probation imposed by the Court, provided it is within the statutory maximum; and (d) any of the following conditions of probation imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court.

15. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.

16. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

//
//
//
//

## RESULT OF WITHDRAWAL OF GUILTY PLEA

17. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

18. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

19. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND PROBATION OFFICE NOT PARTIES

20. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

21. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 10 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

22. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a

9



binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

23. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____    10/21/10
IVY A. WANG                        Date
Assistant United States Attorney

_____ for KAIZO INDUSTRIES, INC.    8/25/10
KAIZO INDUSTRIES, INC.                       Date
Defendant
By President Daryl R. Alison

_____    _____
Counsel for Defendant               Date
KAIZO INDUSTRIES, INC.

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have ~~discussed~~ reviewed the evidence with my attorney, and ~~my attorney has advised me of my righ~~ I am aware ts, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_[signature] for KAIZO INDUSTRIES, INC._       8/25/10
KAIZO INDUSTRIES, INC.            Date
Defendant
By President Daryl R. Alison

11

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KAIZO INDUSTRIES, INC.'s attorney. I have carefully and thoroughly discussed every part of this agreement with Daryl R. Alison, the President of KAIZO INDUSTRIES, INC., and an individual empowered to act for the corporation. Further, I have fully advised Daryl R. Alison of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to KAIZO INDUSTRIES, INC. other than those contained in this agreement; no one has threatened or forced KAIZO INDUSTRIES, INC. in any way to enter into this agreement; KAIZO INDUSTRIES, INC.'s decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support Daryl R. Alison's entry of a guilty plea on behalf of KAIZO INDUSTRIES, INC. pursuant to this agreement.

_____     _____
Counsel for KAIZO INDUSTRIES, INC.                              Date

```
                    UNITED STATES DISTRICT COURT

                  FOR THE CENTRAL DISTRICT OF CALIFORNIA

                            SOUTHERN DIVISION

UNITED STATES OF AMERICA,      )    SA CR 10-
                               )
               Plaintiff,      )    I N F O R M A T I O N
                               )
          v.                   )    [42 U.S.C. § 7413(c)(2)(A):
                               )     Failure to File Application
KAIZO INDUSTRIES, INC., and    )     Required by the Clean Air Act;
DARYL R. ALISON,               )    19 U.S.C. §§ 1304(a),(1):
                               )     Removal of Marking from
               Defendants.     )     Imported Article]
                               )
                               )
                               )
```

The United States Attorney charges:

### COUNT ONE

[42 U.S.C. § 7413(c)(2)(A)]

I.  INTRODUCTORY ALLEGATIONS

At all times relevant to this Information:

1. Defendant KAIZO INDUSTRIES, INC., was a corporation operating in Orange County, California, that, as part of its business, imported disassembled Nissan Skylines, Nissan Silvias and other Japanese right-hand drive cars into California and sold

certain said vehicles as street-legal vehicles in the State of California and elsewhere.

2. Defendant DARYL R. ALISON served as the President of defendant KAIZO INDUSTRIES, INC. Defendant ALISON also served as the operator of Jspecconnect.com and JustDriven.com, online entities affiliated with defendant KAIZO INDUSTRIES, INC.

3. Defendant KAIZO INDUSTRIES, INC. was required under the Clean Air Act to file with the U.S. Customs and Border Protection ("CBP") an Environmental Protection Agency ("EPA") Form 3520-1 for each motor vehicle it imported into the United States, because the vehicles it imported were not new, were not imported by the original manufacturer(s), were not covered by EPA certificates of conformity, and did not bear EPA emission control labels.

II. CLEAN AIR ACT VIOLATION

4. On or about December 25, 2007, in Orange County, within the Central District of California, and elsewhere, defendant KAIZO INDUSTRIES, INC., knowingly failed to file a document with CBP as required by the Clean Air Act, namely, an EPA Form 3520-1 for the importation of two motor vehicles, specifically, two disassembled Nissan Skylines with vehicle identification numbers ("VIN") BNR34-400109 and BNR34-001557, into Long Beach, California, by defendant KAIZO INDUSTRIES, INC.

COUNT TWO

[19 U.S.C. §§ 1304(a),(1)]

4. The allegations of paragraphs 1 through 4 of this Information are realleged and incorporated by reference as though set forth in full.

5. From in or around April 2008 through in or around June 2008, in Orange County, within the Central District of California, and elsewhere, defendant DARYL R. ALISON, with the intent to conceal the information relating to the country of origin given thereby or contained therein, knowingly caused the removal of a mark required by the Tariff Act of 1930 from an imported Nissan Skyline with VIN ER34-009894, to wit: the Nissan data plate showing Japan as the country of origin.

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

JEANNIE M. JOSEPH
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

IVY A. WANG
Assistant United States Attorney